# EXHIBIT 17

| | |
|---|---|
| 1 | David P. Hansen (#301995) |
| | dhansen@swlaw.com |
| 2 | Sarah M. Nakamoto (#315200) |
| | snakamoto@swlaw.com |
| 3 | SNELL & WILMER L.L.P. |
| | 600 Anton Blvd., Suite 1400 |
| 4 | Costa Mesa, California 92626-7689 |
| | Telephone:    714.427.7000 |
| 5 | Facsimile:     714.427.7799 |
| 6 | Attorneys for Defendant |
| | ESPN PRODUCTIONS, INC., |
| 7 | erroneously sued herein as ESPN, INC. |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – SOUTHWEST JUDICIAL BRANCH

| | |
|---|---|
| AARON PATRICK, an individual, | Case No.:   22TRCV01260 |
| Plaintiff, | Judge:   Hon. Deirdre Hill |
| | Dept:    M |
| v. | |
| | **ESPN PRODUCTION, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| NATIONAL FOOTBALL LEAGUE, a business entity; STADCO LA, LLC d/b/a SOFI STADIUM, a business entity; HOLLYWOOD PARK LAND COMPANY, LLC, a business entity; STOCKBRIDGE CAPITAL GROUP, LLC, a business entity; THE FLESHER GROUP, a business entity; KROENK SPORTS & ENTERTAINMENT COMPANY, a business entity; CHARGERS FOOTBALL COMPANY, LLC d/b/a THE LOS ANGELES CARGERS, a business entity; MOE "GREENHAT," an individual; ESPN, INC., a business entity; ROE MAT COMPANY, a business entity; and DOES 1-40, inclusive, | |
| | First Amended |
| | Complaint Filed:   January 3, 2023 |
| | Trial Date:   None |
| Defendants. | |

Defendant ESPN Productions, Inc., erroneously sued herein as ESPN, Inc., (hereinafter for these purposes, "ESPN") answers the unverified First Amended Complaint ("FAC") of Plaintiff Aaron Patrick ("Plaintiff") as follows:

1

ESPN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, ESPN denies each and every allegation, both specifically and generally, of each cause of action contained in Plaintiff's unverified FAC and denies that it was or could be liable to Plaintiff for the injuries or damages alleged in the FAC.

## FIRST AFFIRMATIVE DEFENSE

1.   The FAC, and each separate cause of action alleged in it, fails to state facts sufficient to constitute a cause of action against ESPN.

## SECOND AFFIRMATIVE DEFENSE

2.   ESPN is informed and believes, and on that basis alleges, that any injuries or damages sustained by Plaintiff were caused or contributed to by the negligence or other wrongful conduct of persons, firms, partnerships, corporations, municipalities, or entities other than ESPN, and that said negligence or other wrongful conduct comparatively reduces the percentage of negligence or other liability, if any, of ESPN.

## THIRD AFFIRMATIVE DEFENSE

3.   ESPN is informed and believes, and on that basis alleges, that the injuries and damages alleged in the FAC were directly and proximately caused by superseding, intervening acts and omissions of a third party or third parties for which ESPN is neither responsible nor liable.

## FOURTH AFFIRMATIVE DEFENSE

4.   ESPN is informed and believes, and on that basis alleges, that the damages and injuries alleged in the FAC were legally and proximately caused or contributed to by the negligence, fault, negligence *per se*, assumption of risk, or other culpable conduct of Plaintiff and that the amount of damages, if any, that Plaintiff may recover against ESPN must be diminished in the proportion that such conduct contributed to Plaintiff's alleged injuries, losses or damages.

## FIFTH AFFIRMATIVE DEFENSE

5.   ESPN is informed and believes, and on that basis alleges, that the damages and injuries alleged in the FAC were legally and proximately caused by, and arose out of, risks of

which Plaintiff had both knowledge and understanding and that Plaintiff voluntarily assumed.

**SIXTH AFFIRMATIVE DEFENSE**

6. ESPN is informed and believes, and on that basis alleges, that the damages and injuries alleged in the FAC were legally and proximately caused by, and arose out of, Plaintiff's primary assumption of risk.

**SEVENTH AFFIRMATIVE DEFENSE**

7. ESPN is informed and believes, and on that basis alleges, that Plaintiff has failed to mitigate his damages, if any, in the manner and to the extent required by law.

**EIGHTH AFFIRMATIVE DEFENSE**

8. ESPN is informed and believes, and on that basis alleges, that if there is any comparative fault attributed to individuals or entities other than ESPN, then that percentage of fault comparatively reduces the non-economic damages, if any, that Plaintiff can recover from ESPN pursuant to Sections 1431 *et seq*. of the California Civil Code.

**NINTH AFFIRMATIVE DEFENSE**

9. ESPN is informed and believes and based thereon alleges that the alleged liability of ESPN stems from the failure of Plaintiff or others to exercise reasonable or ordinary care, caution, or vigilance for which ESPN is not legally liable or responsible.

**TENTH AFFIRMATIVE DEFENSE**

10. ESPN is informed and believes and thereon alleges that Plaintiff is equitably estopped from claiming damages due to his own actions or inactions.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. ESPN alleges that Plaintiff engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission or any other conduct, if any, as set forth in the FAC.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's actions are barred on the basis that if Plaintiff was or is injured as alleged in the FAC, then said injuries or damages were and are the result of an open, and obvious and apparent condition which was known to and recognized by Plaintiff, but who nevertheless

3

knowingly, willing, intentionally and voluntarily exposed themselves to said danger, thereby assuming the risk of accident, injury and damage.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. ESPN cannot be held liable to Plaintiff because ESPN is informed and believes and thereon alleges that others owed a non-delegable duty of care to Plaintiff, which duty, if breached at all, was not breached through any conduct legally attributable to ESPN.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. ESPN is informed and believes and based thereon alleges that any foreseeable or unreasonable risk of personal injury that is the subject of this litigation was a risk that ESPN did not create and could not reduce or eliminate.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. ESPN is informed and believes and based thereon alleges that at all relevant times it complied with or exceeded the applicable standard of care.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. ESPN is informed and believes, and on that basis alleges, that it cannot be liable to Plaintiff for the injuries or damages alleged in the FAC, because it did not own, rent, select, or place the electrical cords or cables or mats described in the FAC at the stadium where Plaintiff's alleged injuries or damages occurred.

### SEVENTEETH AFFIRMATIVE DEFENSE

17. ESPN is informed and believes, and on that basis alleges, that it cannot be liable to Plaintiff for the injuries or damages alleged in the FAC, because it did not instruct, guide, or influence the placement of the electrical cords or cables or mats described in the FAC at the stadium where Plaintiff's alleged injuries or damages occurred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. ESPN is informed and believes, and on that basis alleges, that the FAC and each and every cause of action therein, in whole or in part, are preempted by Section 301 of the Labor Management Relations Act ("LMRA") because resolution of Plaintiff's claims would require interpretation of the terms of the Collective Bargaining Agreement between the NFL

1  Management Council and the NFL Players Association.

### NINETEENTH AFFIRMATIVE DEFENSE

19. ESPN is informed and believes, and on that basis alleges, that removal to federal court may be proper due to fraudulent joinder, improper, joinder, or misjoinder of parties, or because Plaintiff's claims must be decided in that forum.

### TWENTIETH AFFIRMATIVE DEFNSE

20. ESPN is informed and believes, and on that basis alleges, that there was no affirmative conduct on the part of ESPN, which allegedly caused or contributed to Plaintiff's alleged injuries and therefore, Plaintiff has no cause of action against ESPN.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. ESPN is informed and believes, and on that basis alleges, that the negligence and other legal fault alleged in the FAC as against ESPN, if any, was not a substantial factor in bringing about Plaintiff's alleged injuries, and therefore, was not a contributing cause.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. ESPN is informed and believes, and on that basis alleges, that the damages allegedly sustained by Plaintiff, if any, were excessive, exaggerated, unreasonable, speculative, inflated or otherwise unnecessary and unrelated to the alleged incident.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. ESPN is informed and believes, and on that basis alleges, that the FAC was filed in an improper forum and should be decided through arbitration.

### ADDITIONAL AFFIRMATIVE DEFENSES

ESPN reserves the right to amend its answer to assert further affirmative defenses that are not presently known but may become known and available through further investigation and discovery.

/ / /

/ / /

/ / /

**PRAYER**

WHEREFORE, ESPN respectfully prays as follows:

1. For dismissal of the FAC with prejudice;

2. For judgment in favor of ESPN and against Plaintiff;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

ESPN hereby requests a trial by jury.

Dated: February 7, 2023

SNELL & WILMER L.L.P.

By: /s/ David Hansen
David P. Hansen
Sarah M. Nakamoto
Attorneys for Defendant
ESPN PRODUCTIONS, INC.

# **PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

On February 7, 2023, I served, in the manner indicated below, the foregoing document described as **ESPN PRODUCTIONS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| | |
|---|---|
| William M. Berman, Esq.<br>Harlan J. Zaback, Esq.<br>C. Oliver Barwald, Esq.<br>BERMAN & RIEDEL, LLP<br>12264 El Camino Real, Suite 300<br>San Diego, California 92130 | **ATTORNEYS FOR PLAINTIFF**<br><br>Tel.: (858) 330-8855<br>Fax: (858) 330-9855<br><br>wberman@bermanlawyers.com<br>hzaback@bermanlawyers.com<br>obarwald@bermanlawyers.com |

☒     BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐     BY FEDERAL EXPRESS/ OVERNITE EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☒     BY EMAIL: I caused such document to be delivered by electronic service as it has been authorized and agreed upon (C.C.P. § 1010.6 (a)(6))

☐     BY PERSONAL SERVICE on: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

********

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 7, 2023, at Costa Mesa, California.

*Louise Mishler*
_____
Louise Mishler

7

ESPN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL