UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-1069-DMG (SHKx) | Date | January 8, 2024 |
|---|---|---|---|
| Title | *Aaron Patrick v. National Football League, et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION FOR RECONSIDERATION [50] [52]**

## I.
## BACKGROUND

On September 21, 2023, the Court granted the motion to dismiss Plaintiff Aaron Patrick's claims brought by Defendants National Football League ("NFL") and Chargers Football Company, LLC d/b/a The Los Angeles Chargers (the "Chargers"). [Doc. # 44 ("MTD Ord.").] In its Order, the Court dismissed the claims against the NFL and Chargers as preempted by the Labor-Management Relations Act ("LMRA") and for failure to exhaust mandatory grievance procedures. *Id.* at 9–10.[1]  Since dismissal of those claims removed the basis of the Court's subject matter jurisdiction, it remanded Patrick's claims against the non-moving defendants back to the Los Angeles County Superior Court. *Id.* at 10; *see also* 28 U.S.C. 1367(c)(3) (district courts may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction).

Patrick now moves for reconsideration of the Court's MTD Order. [Doc. # 52 ("MFR").] The Motion is fully briefed. [Doc. ## 53 ("Opp."), 54 ("Reply").]. For the following reasons, the Court **DENIES** Patrick's Motion.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from any prior order or decision for a number of reasons including, but not limited to:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have

---

[1] All page references herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-1069-DMG (SHKx) | Date | January 8, 2024 |
| Title | *Aaron Patrick v. National Football League, et al.* | Page | 2 of 4 |

been discovered with reasonable diligence; and (3) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (2), (6).

In this district, Local Rule 7-18 provides that a party may seek reconsideration "only on the grounds of (a) a material difference in fact or law from that presented to the court before the decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of the decision, or (b) the emergence of new material facts or a change of law occurring after the time of the decision, or (c) a manifest showing of a failure to consider material facts presented to the court before the decision." C.D. Cal. L.R. 7-18. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.* "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

"A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal citation and quotation marks omitted). "Motions for reconsideration are disfavored and should not be granted, absent highly unusual circumstances[.]" *In re Apple Inc. Device Performance Litigation*, 386 F. Supp. 3d 1155, 1163 (N.D. Cal. 2019) (C.D. Cal. Jan. 31, 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted)).

### III.
### DISCUSSION[2]

Patrick asks the Court to reconsider the portion of its order remanding the remaining Defendants to state court or, in the alternative, to enter judgment from which Patrick may appeal if he chooses to do so.[3] MFR at 3.

---

[2] Patrick's MFR was originally filed within the 14 days allotted in Local Rule 7-18, but was stricken by the Court for filing under the incorrect event. [Doc. # 48.] In the interests of justice, the Court will consider Patrick's MFR as timely. *See* C.D. Cal. L.R. 7-2 (provisions of Local Rules regarding motions shall apply unless otherwise ordered by the Court).

[3] Since the MTD Order is final as to the NFL and Chargers, and the remaining claims have been remanded, Patrick does not need the Court's permission to appeal this Order. *See* 28 U.S.C. 1291; *Elliott v. White Mountain Apache Tribal Ct.*, 566 F.3d 842, 846 (9th Cir. 2009) (providing a "practical construction" of Section 1291 allowing appeal of dismissal without prejudice for failure to exhaust); *Nat'l Distribution Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997) ("A ruling is final for purposes of § 1291 if it (1) is a full adjudication of the issues,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-1069-DMG (SHKx) | Date | January 8, 2024 |
| Title | *Aaron Patrick v. National Football League, et al.* | Page | 3 of 4 |

     As the Court set forth in its MTD Order, Article 43, section 1 of Patrick's Collective Bargaining Agreement ("CBA") provides that "[a]ny dispute . . . involving the interpretation of, application of, or compliance with, any provision of this Agreement . . . will be resolved *exclusively* in accordance with the procedure set forth in this Article . . . ." Ntc. of Removal, Ex. 21 (CBA) at 273 (emphasis added) [Doc. # 1-22]. The remedies that Patrick seeks in his Complaint are the same as those provided by the CBA. *Compare* FAC ¶ 19, Prayer for Relief ¶ 1 (seeking economic damages including medical expenses and lost earnings) *with* CBA Art. 41 (Worker's Compensation), Art. 44 (Injury Grievance), 60 (Disability Benefits). Additionally, there is a Non-Injury Grievance Provision that would allow him to ask his union to bring a grievance on his behalf regarding the field conditions. *See* CBA Art. 39.

     Throughout his laconic MFR, as he did in the merits briefing on the motion to dismiss, Patrick insists that these provisions are irrelevant because he "categorically lacks the right to grieve his claims under the CBA." *See* Reply at 2 (emphasis omitted). It is telling that Patrick merely cites his Opposition to Defendants' motion to dismiss rather than presenting new argument. *See* MFR at 5. Indeed, there are no previously-unavailable facts or law that would justify the Court's reconsideration of its prior Order. The truth of Patrick's statement depends on whether the law applies to his claims or his remedies. Patrick provides no binding authority for his argument that he must be allowed to pursue his state law tort *claims* against the Chargers specifically, as opposed to seeking economic *remedies* through an exclusive, bargained-for grievance process in the CBA.

     Furthermore, he does not present any argument that the Court abused its discretion by declining to exercise supplemental jurisdiction. *See Dyack v. Commonwealth of N. Mariana Islands*, 317 F.3d 1030, 1037–38 (9th Cir. 2003) (affirming district court's remand of state law claims under 28 U.S.C. § 1367(c)(3)); *see also ScripsAmerica, Inc. v. Ironridge Global LLC*, 119 F. Supp. 3d, 1265–66 (C.D. Cal. 2015). Nor can he amend his pleadings in a closed case, especially given the fact that he did not previously request leave to amend and did not brief the Rule 15 standard.

     To summarize, Patrick may proceed in state court and try to recover damages from other Defendants who are non-signatories to the CBA, but his claims against the NFL and Chargers are preempted and unexhausted. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 221 (1985). Without any basis for doing so in Rule 60 or Local Rule 7-18, he may not relitigate the Court's MTD Order via this MFR. *See Westlands Water Dist.*, 134 F. Supp. 2d at 1131.

---

and (2) clearly evidences the judge's intention that it be the court's final act in the matter.") (internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-1069-DMG (SHKx) | Date | January 8, 2024 |
| Title | *Aaron Patrick v. National Football League, et al.* | Page | 4 of 4 |

## IV.
## CONCLUSION

In light of the foregoing, Patrick's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**